1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT
                                     EASTERN DISTRICT OF WASHINGTON
8

9    UNITED STATES OF AMERICA,
                                                    NO. CR-09-2046-EFS
                    Plaintiff,
10

11            v.

                                                    **ORDER DENYING DEFENDANT'S**
12   JOAQUIN BASURTO-ESPINO,                         **MOTION TO MODIFY SENTENCE**
                                                    **PURSUANT TO 3582(c)(B)(2)**
                    Defendant.
13

14

15        Before the Court, without oral argument, is Defendant Joaquin

16   Basurto-Espino's Motion to Modify Sentence Pursuant to 3582(c)(B)(2) (ECF

17   No. 59), filed November 22, 2010.  Mr. Basurto-Espino asks the Court to

18   modify his sentence consistent with 1) a four-level downward departure

19   under U.S. Sentencing Guidelines § 5K3.1, and 2) a one-year sentence

20   reduction under section 5K2.0 because he is ineligible for certain

21   services due to his alien status.  The U.S. Attorneys' Office ("USAO")

22   opposes the motion.  After reviewing the motion, the USAO's response, and

23   applicable statutory and case law, the Court is fully informed and denies

24   the motion.

25        Mr. Basurto-Espino seeks modification of his sentence under 28

26   U.S.C. § 3582(c)(B)(2).  This particular subsection does not exist.

ORDER ~ 1

Section 3582 does exist in Title 18, which specifically covers the modification of a sentence. Section 3582(c) provides, in pertinent part: "The court may not modify a term of imprisonment once it has been imposed except that" modification is permitted under certain circumstances 1) upon motion of the Director of the Bureau of Prisons, *id*. § 3582(c)(1)(A); 2) when specifically permitted by Federal Rule of Criminal Procedure 35 or other statute, *id*. § 3582(c)(1)(B); and 3) when an amendment to the applicable U.S. Sentencing Guidelines has been adopted which results in a lower guideline range, *id*. § 3582(c)(2).

Because the current motion has not been filed by the Director of the Bureau of Prisons, relief is not available under subsection (1)(A). And Mr. Basurto-Espino's motion is not based upon any amendment to the U.S. Sentencing Guidelines; thus, he is not entitled to relief under subsection (2). Mr. Basurto-Espino was sentenced on January 13, 2010; accordingly, his November 30, 2010 motion is untimely for Rule 35 purposes. *See* Fed. R. Crim. P. 35(a) (allowing a judgment to be corrected within seven days of sentencing for an arithmetical, technical, or other clear error).

Yet, Mr. Basurto-Espino's motion may be construed as a habeas petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. But the Court will not construe Mr. Basurto-Espino's motion as a § 2255 habeas petition unless directly informed by Mr. Basurto-Espino to do so, because a prisoner is given *only one* opportunity to file a habeas petition, absent the requirements for a second or successive motion being met as set out in the statute. Therefore, a habeas petitioner must include all of the grounds for relief in the initial

ORDER ~ 2

habeas petition, or risk being barred from asserting such in the future. *See Bleuford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  Mr. Basurto-Espino is advised that he must file his habeas petition within § 2255's one-year statute of limitations.  *See* 28 U.S.C. § 2255(f).

Accordingly, **IT IS HEREBY ORDERED:** Defendant Joaquin Basurto-Espino's Motion to Modify Sentence Pursuant to 3582(c)(B)(2) **(ECF No. 59)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to Defendant and the USAO.

**DATED** this 28th  day of December 2010.


                        s/Edward F. Shea
                        EDWARD F. SHEA
                 United States District Judge

Q:\Criminal\2009\2046.modify.sent.3582.wpd

ORDER ~ 3