UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOAQUIN BASURTO-ESPINO,<br><br>        Defendant. | NO. CR-09-2046-EFS<br><br>**ORDER DENYING MOTIONS TO AMEND PURSUANT TO F.R.CIV.P.15(a)(1) AND FOR RELIEF PURSUANT TO F.R.CIV.P. 60(b)(1) & (6)** |

Before the Court, without oral argument, are Joaquin Basurto-Espino's Motion to Amend Pursuant to F. R. Civ. P. 15(a)(1) (ECF No. 62), filed January 4, 2011, and Motion for Relief Pursuant to F. R. Civ. P. 60(b)(1) and (6) (ECF No. 63), filed January 14, 2011.[1] Having reviewed the motions and applicable statutory and case law, the Court is fully informed and denies the motions.

On August 12, 2009, Mr. Basurto-Espino pled guilty to being an Alien in the United States After Deportation in violation of 8 U.S.C. § 1326. The Court sentenced Mr. Basurto-Espino on January 13, 2010, to fifty-

---

[1] The Court did not order the United States Attorneys' Office (USAO) to respond.

ORDER ~ 1

seven months in prison and two years of supervised release. (ECF No. 45.) Mr. Basurto-Espino appealed his sentence, which the Ninth Circuit affirmed as substantively reasonable; the Ninth Circuit's mandate took effect on October 26, 2010. (ECF No. 58.)

On November 22, 2010, Mr. Basurto-Espino filed a Motion to Modify Sentence Pursuant to 3582(c)(B)(2) (ECF No. 59), asking the Court to modify his sentence consistent with 1) a four-level downward departure under U.S. Sentencing Guidelines § 5K3.1, and 2) a one-year sentence reduction under section 5K2.0 because he is ineligible for certain services due to his alien status. Recognizing that § 3582(c)(B)(2) does not exist in Title 28, the Court construed the motion as one under 18 U.S.C. § 3582(c)(B)(2), but denied the motion.[2] (ECF No. 61.)

Yet, the Court recognized that Mr. Basurto-Espino's motion may be construed as a habeas petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, but refused to construe the motion as a § 2255 habeas petition unless directly informed by Mr. Basurto-Espino to

---

[2] In denying Mr. Basurto-Espino relief under 18 U.S.C. § 3582(c)(B)(2), the Court found:

> Because the current motion has not been filed by the Director of the Bureau of Prisons, relief is not available under subsection (1)(A). And Mr. Basurto-Espino's motion is not based upon any amendment to the U.S. Sentencing Guidelines; thus, he is not entitled to relief under subsection (2). Mr. Basurto-Espino was sentenced on January 13, 2010; accordingly, his November 30, 2010 motion is untimely for Rule 35 purposes. *See* Fed. R. Crim. P. 35(a) (allowing a judgment to be corrected within seven days of sentencing for an arithmetical, technical, or other clear error).

(ECF No. 61.)

ORDER ~ 2

do so.  The Court warned Mr. Basurto-Espino that he has *only one* opportunity to file a habeas petition (absent the requirements for a second or successive motion being met as set out in the statute) and must file his habeas petition within § 2255's one-year statute of limitations. *See* 28 U.S.C. § 2255.

Instead of filing a § 2255 habeas petition, Mr. Basurto-Espino filed the instant two motions: 1) a motion to amend his prior motion under Federal Rule of Civil Procedure 15(a)(1) (ECF No. 62), and 2) a motion to modify his sentence under Rule 60(b)(1) and (6) (ECF No. 63).[3]  Taking Defendant's second motion first, Mr. Basurto-Espino asks the Court to modify his sentence pursuant to Rule 60(b)(1) and (6), which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60.  The Court can find no precedent providing a district court, which has already sentenced a defendant and entered judgment, with jurisdiction to review an alleged unconstitutional criminal conviction and/or sentence under Rule 60(b)(1) or (6) – a *civil* rule.  Therefore, his motion to modify is denied.

Mr. Basurto-Espino's Motion to Amend Pursuant to F. R. Civ. P. 15(a)(1) (ECF No. 62) asks the Court for leave to amend his prior Motion to Modify Sentence Pursuant to 3582(c)(B)(2) (ECF No. 59) because he now

---

[3] Mr. Basurto-Espino also acknowledges that his citation to 28 U.S.C. § 3582(c)(B)(2) was a clerical error: he meant to cite to 18 U.S.C. § 3582(c)(B)(2).

ORDER ~ 3

believes that the proper remedy is in Rule 60(b)(1) and (6). Because the Court concludes that Rule 60(b)(1) and (6) does not provide the relief Mr. Basurto-Espino seeks, the Court denies his motion.

As previously stated, the statute Mr. Basurto-Espino may rely upon in seeking relief from his criminal judgment and conviction is 28 U.S.C. § 2255. But because Mr. Basurto-Espino declined to file a § 2255 motion for habeas relief after the Court's previous invitation to do so, the Court again refuses to construe his Motion for Relief Pursuant to F. R. Civ. P. 60(b)(1) and (6) (ECF No. 63) as a § 2255 habeus petition. Mr. Basurto-Espino is reminded that he must file his habeas petition within § 2255's one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Accordingly, Mr. Basurto-Espino's § 2255 motion must be filed no later than January 24, 2012.[4]

Accordingly, **IT IS HEREBY ORDERED:**

1. Mr. Basurto-Espino's Motion for Relief Pursuant to F. R. Civ. P. 60(b)(1) and (6) **(ECF No. 63)** is **DENIED**.

---

[4] "[T]he one-year limitations period for a federal prisoner who does not file a petition for writ of certiorari begins to run when the time for filing the petition expires." *United States v. Garcia*, 210 F.3d 1058, 1060 (2000). Here, Mr. Basurto-Espino appealed to the Ninth Circuit; his appeal was denied and the judgment took effect October 26, 2010. Mr. Basurto-Espino was required to appeal that decision within ninety days after the entry of judgment: January 24, 2011. *See* Sup. Ct. R. 13. Thus, the time for filing Mr. Basurto-Espino's § 2255 habeas petition is January 24, 2012.

ORDER ~ 4

2.   Mr. Basurto-Espino's Motion to Amend Pursuant to F. R. Civ. P. 15(a)(1) **(ECF No. 62)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this order, and provide a copy to the USAO and Mr. Basurto-Espino at the following address:

> Joaquin Basurto-Espino
> Reg. # 12960-085
> USP Beaumont
> P.O. Box 26030
> Beaumont, TX 77720-6030

**DATED** this ___23rd___ day of February 2011.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Criminal\2009\2046.habeus.order.response.wpd

ORDER ~ 5