UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>        v.<br><br>JOAQUIN BASURTO-ESPINO,<br><br>             Defendant. | NO. CR-09-2046-EFS<br>    CV-11-3074-EFS<br><br>**ORDER DENYING DEFENDANT'S<br>MOTION TO VACATE, SET ASIDE,<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255** |

Before the Court, without oral argument, is Defendant Joaquin Basurto-Espino's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  ECF No. 68.  For the reasons discussed below, the Court denies Defendant's motion.

## I.  BACKGROUND

Defendant was indicted on April 14, 2009, for being an Alien in the United States after Deportation in violation of 8 U.S.C. § 1326.  ECF No. 1.  Defendant entered into a Plea Agreement with the United States Attorney's Office (USAO), which the Court accepted on August 13, 2009.  ECF No. 17.  On January 13, 2010, Defendant was sentenced to a term of imprisonment of fifty-seven months, a supervised release period of two years, and a one-hundred dollar special penalty assessment.  ECF Nos. 43 & 45.  Defendant's sentence was based on a criminal history of IV (after

ORDER ~ 1

downward departure) and a total offense level of 21; his sentence was at the low end of the fifty-seven to seventy-one month range.

Defendant has made several post-conviction motions.  On December 29, 2010, the Court denied Defendant's Motion to Modify Sentence Pursuant to 3582(c)(B)(2).  ECF No. 59.  On February 23, 2011, the Court denied Defendant's Motion to Amend Pursuant to F. R. Civ. P. 15(a)(1) and Defendant's Motion for Relief Pursuant to F. R. Civ. P. 60(b)(1) and (6).  ECF No. 64.  On April 11, 2011, the Court denied Defendant's Motion to Amend Pursuant to Court's Order.  ECF No. 66.  Defendant now seeks relief from his sentence under the habeas corpus statute for prisoners in federal custody, 28 U.S.C. § 2255.

## II.   DISCUSSION

**1.   Legal Standard**

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> [T]he court shall . . . determine the issues and make findings of fact and conclusions of law with respect to [the motion]. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment aside and shall . . . correct the sentence as may appear appropriate.

*Id.* § 2255.  In evaluating the merits of a section 2255 motion, the Court should hold an evidentiary hearing unless "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief."  *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994);

28 U.S.C. § 2255. "[W]hen a defendant's allegations . . . are based on facts outside of the record, an evidentiary hearing is required." *Frazer*, 18 F.3d at 781 (internal quotation omitted).

Because Defendant has not alleged any facts outside of the record, the Court finds that an evidentiary hearing is not required.

**2.  Analysis**

Defendant argues that because section 3553(a)(6) requires courts to consider "the need to reduce unwarranted sentence disparities" among similarly-situated defendants, his sentence should be reduced by 15-20 months to mirror the sentence he would have received if he had been offered a "fast track" early disposition plea agreement. While logically appealing, Defendant's argument is foreclosed by the Ninth Circuit's decision in *United States v. Gonzalez-Zotelo*, 556 F.3d 736 (9th Cir. 2009).

In *Gonzalez-Zotelo*, the defendant was convicted of being an alien in the United States after deportation in violation of 8 U.S.C. § 1326, the same crime that Defendant was convicted of.  *Gonzalez-Zotelo*, 556 F.3d at 738.  The defendant was not offered a fast-track plea agreement, but at sentencing, the district judge imposed a below-Guidelines sentence in order to promote "consistency" between the defendant and another individual he had sentenced for a section 1326 violation the same day. *Id.*  The government appealed and, finding the district court's sentencing decision plainly erroneous, the Ninth Circuit vacated and remanded the sentence.    *Id.* at 741-42.    The Ninth Circuit held that disparities between sentences imposed pursuant to a fast-track plea agreement and sentences imposed without such an agreement are not "unwarranted" because

they are authorized by Congress's approval of fast-track plea agreements in the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, 117 Stat. 650 (2003). *Id.* at 739. Such disparities are in fact "justified by the benefits gained by the government when defendants plead guilty early in criminal proceedings." *Id.* (quoting *United States v. Marcial-Santiago*, 447 F.3d 715, 719 (9th Cir. 2006)); *see also United States v. Perez-Pena*, 453 F.3d 236, 244 (4th Cir. 2006) ("If defendants in fast-track districts expected to receive similar sentences regardless of whether they participated in a program, defendants would have little incentive to participate."). The Ninth Circuit further reasoned that its holding in *Marcial-Santiago* was not undercut by the Supreme Court's ruling in *Kimbrough v. United States*, 552 U.S. 85 (2007), because "[w]hile *Kimbrough* permits a district court to consider its policy disagreements with the Guidelines, it does not authorize a district judge to take into account his disagreements with congressional policy." 556 F.3d at 741. If downward departures for disparities between fast-track and non-fast-track defendants are prohibited at the time of sentencing under *Gonzalez-Zotelo* and *Marcial-Santiago*, the Court finds that an order modifying a sentence for such a disparity would be equally, if not more, improper in the context of a section 2255 habeas petition.

In sum, Defendant has not shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose his sentence, or that the sentence was not authorized by law or otherwise open to collateral attack. Because Defendant did not reach a fast-track plea agreement with

the USAO, the Court did not consider the range Defendant would have received under such an agreement at sentencing, and it declines to do so today.

Accordingly, **IT IS HEREBY ORDERED:**

1)  Defendant Joaquin Basurto-Espino's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 68**, is **DENIED.**

2)  This file shall be **CLOSED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to Defendant and the United States Attorney's Office.

**DATED** this ___2ND___ day of September, 2011.


                              s/Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Criminal\2009\2046.Deny.2255.lc2.wpd

ORDER ~ 5